IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freddie Owens, ) | |
| ) | Case No. 0:15-mc-00254-TLW-PJG |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Bryan P. Stirling, *Commissioner,* ) | |
| *South Carolina Department of Corrections*; ) | |
| Joseph McFadden, *Warden, Lieber* ) | |
| *Correctional Institution*, ) | |
| ) | |
| Respondents. ) | |
| ) | |

The petitioner in this capital habeas corpus matter, Freddie Owens ("Petitioner"), is a state prisoner convicted of murder, armed robbery, and conspiracy and sentenced to death. This Court has previously appointed Counsel John D. Delgado (lead counsel) and Gregory Samuel Forman (second chair counsel) to represent Petitioner in this matter. (ECF No. 11.) The Court's order appointing counsel further instructed that should either attorney have a conflict that would inhibit their representation or good cause that they should not be appointed, they should file a motion to be relieved. (Id.) No such motion has been filed. This Court now directs counsel to submit a proposed budget.

**Cost Containment and Budgeting**

The Court reiterates from its previous order appointing counsel that duplication of efforts and unnecessary attorney time are to be avoided. The Judicial Council of the United States Court of Appeals for the Fourth Circuit has considered adoption of a resolution governing review of attorney compensation requests in death penalty habeas corpus cases.[1] Under this resolution,

---

[1] See *Special Procedures for Reviewing Attorney Compensation Requests in Death Penalty Cases*, http://www.ca4.uscourts.gov/pdf/noticeofresolutionattorneycompensationcapitalcases.pdf.

any request for compensation in excess of certain amounts ($50,000) per attorney at the district court level is deemed presumptively excessive. While the effective date of this resolution has been stayed pending public comment,[2] the court encourages appointed counsel to make efforts to contain expenses and fees in this matter in light of the stated figure to the extent they can do so without detracting from their representation of Petitioner's positions in this case.

Toward that end, counsel shall submit a confidential proposed litigation budget within 30 days of the date of this order to Claire Woodward O'Donnell, Panel Administrator, Federal Public Defender's Office. The proposed budget shall estimate the number of hours counsel anticipates expending for the following stages of the litigation: (1) preparation and filing of the petition for habeas corpus; (2) preparation of legal memoranda in opposition to the respondent's return; and (3) evidentiary hearing, if one is sought. The proposed budget shall also contain cost estimates for investigative, expert, or other services, including law clerks and paralegals, if any. A copy of the proposed budget shall be submitted to this Court. Additionally, counsel shall submit interim payment vouchers every 60 days to Ms. O'Donnell for payment consideration and so that costs and fees may be monitored.

Accordingly, this Court hereby orders that Petitioner's counsel shall submit a confidential proposed litigation budget within 30 days of this order.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 17, 2015
Columbia, South Carolina

---

[2] See *Suspension of Effective Date of Special Procedures for Reviewing Attorney Compensation requests in Death Penalty Cases*, http://www.ca4.uscourts.gov/pdf/noticeofsuspensionresolutionattorneycompensationcapitalcases.pdf.