IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freddie Owens,<br><br>PETITIONER<br><br>v.<br><br>Bryan P. Stirling, Commissioner, South Carolina Department of Corrections; Joseph McFadden, Warden, Lieber Correctional Institution,<br><br>RESPONDENTS | Case No. 0:15-mc-00254-TLW-PJG<br><br>**Order** |

This matter is before the Court on Petitioner's objections, ECF No. 40, to the magistrate judge's order denying appointment of pro bono counsel, ECF No. 39. Prior to analyzing the objections, a brief factual history is in order.

The magistrate judge initially appointed John D. Delgado as lead counsel and William H. Monkton VI as second chair counsel in this case. ECF No. 11. However, Petitioner objected to the appointment of Mr. Monkton in light of his prior experience as a prosecutor.[1] *See* ECF No. 20-1. In light of Petitioner's concerns, Mr. Monkton filed a motion to be relieved, ECF No. 23, and Mr. Delgado filed a motion for substitution of counsel, seeking the appointment of Kelley J. Henry, Jerome C. Del Pino, and Gretchen L. Swift, all of whom are part of the Capital Habeas Unit of the Federal Public Defender Office for the Middle District of Tennessee (collectively "CHU Attorneys") as second chair counsel, ECF No. 20.

---

[1] A later filing revealed that Petitioner also objected to Mr. Monkton's appointment because the other two named partners in his firm were also former prosecutors who prosecuted capital cases against individuals known to Petitioner and who were also residing with him on death row. ECF No. 37 at 1.

1

The magistrate judge granted Mr. Monkton's motion to withdraw, but denied the appointment of the CHU Attorneys, noting that they are not licensed to practice before this Court, they are not on this District's death penalty CJA panel approval list, they reside outside South Carolina, and that the issues in this case will presumably arise out of the application of South Carolina law, practices, and procedures. ECF No. 29 at 4. Instead, the magistrate judge appointed William H. Ehlies II, a member of this District's bar and the death penalty CJA panel, as second chair counsel. *Id.*

After the magistrate judge appointed Mr. Ehlies, Mr. Delgado filed a motion to appoint the CHU Attorneys as additional counsel, specifically noting potential financial savings from their participation in the case and the time commitment necessitated by this case. ECF No. 37. Mr. Ehlies then filed a document noting other matters that he is currently handling and also asking the Court to appoint the CHU Attorneys as additional counsel. ECF No. 38.

The magistrate judge denied the motion, noting that both Mr. Delgado and Mr. Ehlies are well-experienced and well-qualified counsel who are both on the death penalty CJA panel. ECF No. 39. The magistrate judge also noted concerns with possibly diminishing the responsibility of Mr. Delgado and Mr. Ehlies if an additional three lawyers were appointed, particularly when those lawyers practice out-of-state. *Id.*

Petitioner timely filed objections to the magistrate judge's order under Rule 72.[2] ECF No. 40. In his first objection, he states that the magistrate judge's order did not address the financial savings contemplated by the appointment of the CHU attorneys. *Id.* at 2–3. In his second objection, he states that the magistrate judge failed to consider that not being licensed to practice

---

[2] Petitioner cited Rule 72(b)(2) in his objections, but the objections appear to be properly brought under Rule 72(a), which involves orders of a magistrate judge on nondispositive matters that have been referred to the magistrate judge for decision, as was the motion for appointment of counsel.

in this District "is not a mandatory and necessary preclusion to appointment in this matter." *Id.* at 3–4.  In his third objection, he states that the magistrate judge failed to consider Mr. Ehlies' statements in his filing noting the substantial effect appointment to this matter would have on him in light of his existing commitments.  *Id.* at 4.  Finally, in his fourth objection, he states that the CHU Attorneys cannot assist in this case unless they are actually appointed.  *Id.* at 4–5.

Review of a magistrate judge's decision on nondispositive matters, such as appointment of counsel, is deferential, and a magistrate judge's order on such issues will be set aside only if it is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *Campbell v. Powers*, No. 4:07-4012-HFF-TER, 2009 WL 334854, at *1 (D.S.C. Feb. 10, 2009) (applying the clearly erroneous or contrary to law standard to an appeal of a magistrate judge's order denying the plaintiff's motion for appointment of counsel).  A magistrate judge's decision on a nondispositive pretrial matter "is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  After careful review of the record in this case, the Court cannot conclude that any part of the order objected to is clearly erroneous or is contrary to law.

Regarding Petitioner's first objection, the costs that he suggests would be saved by appointment of the CHU Attorneys are significant, but cost is only one factor in deciding who would be appropriate counsel in this significant matter, and the Court's CJA policy contemplates paying for the appointment of two attorneys in a capital case, which is the process that would be followed in this case.  The Court also notes that, regardless of whether counsel and experts in this

3

case are paid from the CJA budget or the budget of a public defender's office, the costs of representation will ultimately be borne by the federal funding process. While it is tempting to make a counsel decision focused on funding, the other factors noted by the magistrate judge (no CJA panel approval, no full District Court approval, application of South Carolina law and procedure, CHU Attorneys residing outside South Carolina) outweigh appointment of the CHU Attorneys.

Regarding Petitioner's second objection, there is nothing in the magistrate judge's orders to indicate that she believed that the fact that the CHU Attorneys are not licensed in this District or members of the death penalty CJA panel outright *precludes* them from participating in this case. They were simply factors that she considered in her ruling. The Court cannot conclude that the magistrate judge considering these facts and giving them the weight she did was clearly erroneous or contrary to law.

Regarding Petitioner's third objection, Mr. Ehlies is a highly-competent and well-respected member of the Bar, and it is this Court's full expectation and belief that he will provide outstanding representation to Petitioner. If Mr. Ehlies believes that his existing obligations will prevent him from providing the level of competent representation mandated by the Constitution, he is directed to promptly notify the Court so the Court can consider whether another substitution of counsel will be necessary.

Regarding Petitioner's fourth objection, nothing in the magistrate judge's orders or this Order prevents the CHU Attorneys from assisting Petitioner and appointed counsel. If the policy of the CHU Attorneys' office prevents them from assisting, then so be it. That is a policy matter for them to address, not the Court. The responsibility to effectively represent Petitioner is on appointed counsel, Mr. Delgado and Mr. Ehlies. Nothing in the magistrate judge's order on this

issue is clearly erroneous or contrary to law.

For the reasons set forth, the Court concludes that Petitioner has not established that the magistrate judge's order is clearly erroneous or contrary to law. Accordingly, his objections, ECF No. 40, are **OVERRULED**.

Additionally, the Court directs counsel to submit a confidential proposed budget to the Court and to Claire Woodward O'Donnell, Panel Administrator, Office of the Federal Public Defender, within fifteen days of the date of this Order. The proposed budget shall include an estimate of the number of hours counsel anticipates expending for the following stages of the litigation: (1) preparation and filing of the petition for habeas corpus; (2) preparation of legal memoranda in opposition to Respondents' return; and (3) any other relevant budget issues. In addition, the proposed budget shall include cost estimates for investigative experts or other services.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

January 12, 2016
Columbia, South Carolina