IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Freddie Owens, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Bryan P. Stirling, Commissioner, South )<br>Carolina Department of Corrections; )<br>Joseph McFadden, Warden, Lieber )<br>Correctional Institution, )<br>)<br>Respondents. )<br>_____ ) | C/A No. 0:15-mc-254-TLW-PJG<br><br>**ORDER**<br>**(DEATH PENALTY CASE)** |

The petitioner in this capital habeas corpus matter, Freddie Owens ("Petitioner"), is a state prisoner convicted of murder, armed robbery, and conspiracy and sentenced to death. This matter is before the court on Petitioner's Motion for Authority to Conduct Discovery (ECF No. 56).

On May 3, 2016, Petitioner filed a motion requesting authority from this Court to conduct discovery in this habeas corpus action. (ECF No. 56.) Specifically, Petitioner seeks to examine a litigation file from a 42 U.S.C. § 1983 action related to the death of Christopher Lee, a file currently in the custody of William L. Dodson, Jr., who represented Mr. Lee's family in that civil action. Petitioner also seeks discovery materials directly from Greenville County, regarding the detention center, its employees, its services, and Mr. Lee. In addition to requesting the authority to engage in discovery, Petitioner also asked this court to shorten the deadline for Respondents to file any opposition to the motion for discovery and to shorten the time for a notice of oral depositions and subpoena duces tecum for record establishing institutional negligence in the matter of Christopher Bryan Lee.

The court issued a text order shortening the time to file a response, directing Respondents to file a response on or before May 13, 2016, and indicating that Petitioner should file a reply within five days of Respondents' filing. (ECF No. 57.)

On May 12, 2016, Respondents filed a response in opposition to the motion for authority to conduct discovery. (ECF No. 64.) In particular, Respondents argue that the request should be denied for the following reasons: (1) in this pre-petition setting, this court does not have authority to order discovery, (2) a § 2254 petitioner is not entitled to discovery as a matter of ordinary course, (3) a federal court's review is limited to the record that was before the state court. In regard to the materials in Mr. Dodson's custody, Respondents note that they have neither control nor custody over those materials. As to the requested materials from Greenville County, Respondents assert that the requests "constitute the kind of 'fishing expedition' Rule 6 [of the Rules Governing Section 2254 Cases] does not sanction." (ECF No. 64 at 16.)

Thereafter, on May 18, 2016, Petitioner filed a reply arguing that the requested discovery is necessary as "[p]roof of institutional negligence as the proximate cause of Mr. Lee's death clearly refutes and mitigates the State's argument that only death is the appropriate sentence of the petitioner's future dangerousness as evidenced by the death of Mr. Lee." (ECF No. 71 at 1.) Petitioner further indicates that evidence in the civil litigation file might support his pending motion for recusal. (ECF No. 71 at 2.)

As the Fourth Circuit has recognized, "Unlike other civil litigants, a § 2254 habeas petitioner 'is not entitled to discovery as a matter of ordinary course.'" Stephens v. Branker, 570 F.3d 198, 213 (4th Cir. 2009) (quoting Bracy v. Gramley, 520 U.S. 899, 904 (1997)). Nevertheless, habeas petitioners are not completely foreclosed from engaging in discovery. The Rules Governing Section



2254 Cases in the United States District Courts ("Rules Governing § 2254 Cases") provide that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure . . . [,]" Rule 6(a), but these rules do not specify whether pre-petition discovery is appropriate.  The Fourth Circuit has also not decided the propriety of pre-petition discovery; however, it has recognized the Ninth Circuit's decision in Calderon v. United States Dist. Court, 98 F.3d 1102 (9th Cir. 1996), where the Ninth Circuit "held that a habeas petition containing an exhausted claim is an essential jurisdictional predicate for a discovery order." In re Pruett, 133 F.3d 275, 277 n.1 (4th Cir. 1997).  In Calderon, the Ninth Circuit found pre-petition discovery impermissible for the following reasons: (1) a district court cannot determine the propriety of discovery without a petition that outlines factual allegations; (2) any right to discovery requires exhaustion of the claim for which the petitioner seeks discovery; (3) Rule 6 provides that a court may authorize "discovery under the Federal Rules of Civil Procedure . . ." and pre-complaint discovery is not permitted by the Federal Rules of Civil Procedure;[1] (4) a court should not allow a petitioner to conduct discovery for a fishing investigation to investigate mere speculation. Calderon, 98 F.3d at 1106.  In looking at the factors discussed in Calderon, the Fourth Circuit identified the "fundamental barrier [to pre-petition discovery] to be the lack of context against which good cause could be measured; without the claims, a district court cannot 'determine the propriety of discovery.'" Pruett, 133 F.3d at 277 n.1 (quoting Calderon, 98 F.3d at 1106).

At this time, Petitioner has not established good cause to conduct discovery.  "Good cause is shown if the petitioner makes a specific allegation that shows reason to believe that the petitioner

---

[1] The Rules contain one inapplicable exception for when a party can show the need to perpetuate testimony that may not be available later.  See Fed. R. Civ. P. 27.

Page 3 of  4



may be able to demonstrate that he is entitled to relief." Quesinberry v. Taylor, 162 F.3d 273, 279 (4th Cir. 1996) (citing Harris v. Nelson, 394 U.S. 286, 300 (1969)).  Though Petitioner has described the allegations he intends to make in his petition, he has not yet filed that petition.  As such, these claims are not yet before the court, and this court lacks proper context against which good cause can be measured.  The court finds Petitioner's motion for discovery to be premature.  The court also finds compelling the Ninth Circuit's reasoning that pre-petition discovery is impermissible since Rule 6 of the Rules Governing § 2254 Cases only permits this court to "authorize a party to conduct discovery under the Federal Rules of Civil Procedure[,]" which, with one exception, do not allow pre-complaint discovery.  For all these reasons, the motion for discovery is denied.

With regard to Petitioner's contention that information in the civil litigation could potentially support his pending motion for recusal, Petitioner has failed to provide any basis to support that request or any authority permitting discovery in connection with a recusal motion.  Accordingly, the motion for discovery is denied on that basis, as well.

Based on the foregoing, it is hereby

**ORDERED** that Petitioner's Motion for Authority to Engage in Discovery (ECF No. 56) is **DENIED**.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 20, 2016
Columbia, South Carolina